UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x
                                    :
UNITED STATES OF AMERICA
                                    :
     - v. -                              12 Cr. 448 (KMW)
                                    :
DAVID HORNE,
                                    :
                    Defendant.
                                    :
- - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/1/13

MAR 29 2013

**MEMO ENDORSED**

SUPPLEMENTAL
SENTENCING MEMORANDUM

PREET BHARARA
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Niketh Velamoor
Assistant United States Attorney
     -Of Counsel-



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 29, 2013

**BY EMAIL and ECF**

The Honorable Kimba M. Wood
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

               Re:  <u>United States v. David Horne</u>,
                     12 Cr. 448 (KMW)

Dear Judge Wood:

      The Government respectfully submits this letter to address the questions raised in the March 17, 2013 letter from Bryan K. Tolliver, MD, PhD, which was attached to defense counsel's letter dated March 20, 2013. Dr. Tolliver's letter was submitted in response to the letter dated February 19, 2013 from Donald Lewis, D.O., Chief Psychiatrist of the Bureau of Prisons ("BoP"). The information contained in this letter is based on consultation with officials at the BoP who are knowledgeable about the subjects raised by Dr. Tolliver, including designations, security and healthcare.

      In Dr. Tolliver's letter, he raises concerns about the institutional designation decision to be made by the BoP, as well as the process by which requests for medications not on the BoP's National Drug Formulary may be made. Before addressing Dr. Tolliver's specific questions, however, it is important to note that the concerns he raises do not seem to relate directly to *whether* the Bureau of Prisons ("BoP") can provide appropriate care to the defendant, but rather the *manner* in which that care would be provided. Indeed, as Dr. Tolliver acknowledges, he was "encouraged" by the letter submitted from Dr. Lewis because it "assures the availability of psychiatric diagnostic and treatment services to all inmates[.]"

      With respect to Dr. Tolliver's specific questions, he first expresses concerns that the defendant will be "designated

to an institution with high security and increased numbers of inmates with a history of violence." The BoP is solely responsible for making designation decisions, which it makes only after defendants are sentenced. While Dr. Lewis "can not predict where Mr. Horne will be designated," there is nothing in his letter to suggest that the defendant will be housed in a high security environment along with inmates with a history of violence. Although, in describing the array of psychiatric services that the BoP offers to its inmate population, Dr. Lewis mentioned that "intensive psychiatric care is available in the BOP's Psychiatric Referral Centers (PRC)[,]" Dr. Lewis did not suggest that the defendant would be designated to such a Center. (Nor, for that matter, did Dr. Lewis indicate that those Centers are high security environments in which violent inmates are mixed with non-violent inmates.) Most importantly, Dr. Lewis made clear that "Mr. Horne will receive the level of psychiatric care he requires."

In determining that level of care, and also the institution to which the defendant will be designated, the BoP will consider a variety of information about the defendant, including his medical needs, as well as any recommendations from the Court. Analysis of his medical needs will undoubtedly include a consideration of the level of care he is currently receiving, such as whether it is inpatient or outpatient care. The BoP will also consider any information received from Dr. Tolliver, including his opinion that inpatient hospitalization is not required.

In this regard, the BoP encourages the defendant to submit after sentencing any and all medical records or other information, including any letters from Dr. Tolliver, to the Designation and Sentence Computation Center, Grand Prairie Office Complex, U.S. Armed Forces Reserve Complex, 346 Marine Forces Drive, Grand Prairie, Texas 75051. Any information received on behalf of the defendant will be considered by the BoP in making its designation decision in this case.

Second, with respect to Dr. Tolliver's questions about the procedures for non-formulary requests in the BoP, the defendant will have the opportunity to make a request for non-formulary medications immediately after he begins serving his sentence. His request will be made in conjunction with his BoP clinician, and will ultimately be decided by the Medical Director for the BoP. As Dr. Lewis explained, his "experience leads [him] to believe that each of the four medications [that the defendant is currently taking] would be approved through a Non-Formulary Drug Authorization Request." In the event they are not, although there is not a mechanism for the defendant to appeal *per se*, he would have the opportunity to challenge the decision, like any

other decision relevant to the conditions of his confinement, through the administrative remedy process, as provided in BoP Program Statement 1330.17, available at 28 C.F.R. § 542.10-542.19.

It is important to note that the defendant is permitted, and in fact encouraged, to take with him to his designated institution the medication that he is currently taking. Doing so would assist the BoP and its clinicians in determining and implementing the defendant's treatment regimen while incarcerated. Moreover, the defendant, following consultation with his BoP clinician, can continue to take any medications he brings with him while any non-formulary request is being made and considered.

Again, the BoP encourages the defendant to submit any and all medical records or other information, including any letters from Dr. Tolliver (such as his helpful suggestions regarding particular medications and potential substitutions in his March 17 letter) to the medical personnel at the institution to which the defendant is ultimately designated, and to bring a hard copy of any such documents with him upon his arrival. Such information will facilitate the non-formulary request process, limit any gap in his psychiatric care, and assist the defendant's BoP clinician in formulating the defendant's treatment regimen.

*****************

Finally, and more generally, the BoP has seriously considered the undoubtedly sincere questions and concerns raised by defense counsel and Dr. Tolliver regarding the psychiatric care that the defendant can expect to receive while in BoP custody. The BoP's Chief Psychiatrist and Psychology Services Administrator have both personally reviewed the defendant's case, including his treatment history, medical regimen and other information provided by the defense. The concerns that the defendant and Dr. Tolliver have raised have also been considered by numerous other BoP officials. And going forward, the defendant will have every opportunity to submit additional information from Dr. Tolliver to his BoP clinician and speak to Dr. Tolliver while incarcerated if he wishes to do so.

In light of the consideration that the BoP has given, and the information that it has provided, the Government respectfully submits that the BoP has demonstrated that it can, and fully intends to, provide appropriate care to the defendant

3

while he is in BoP custody. Therefore, the Government respectfully requests that the Court schedule a sentencing hearing in this matter. And for these reasons, and those set forth in the Government's previous submissions to the Court, the Government respectfully submits that a sentence within the Guidelines range of 41 to 51 months' imprisonment would be sufficient, but not greater than necessary, to serve the legitimate purposes of sentencing.

                                      Respectfully submitted,

                                      PREET BHARARA
                                      United States Attorney

                  By:    /Niketh Velamoor
                         Niketh Velamoor
                         Assistant United States Attorney
                         Tel.: (212) 637-1076

cc: Steven K. Frankel, Esq.
    By Email

*Sentencing will be held on Monday, April 22, 2013, at 12:00 p.m.*

4-1-13
SO ORDERED: N.Y., N.Y.

*/s/ Kimba M. Wood*
KIMBA M. WOOD
U.S.D.J.